IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VAUGHN LEE SNIDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-1146-EFM-KGG |
| | ) |
| KANCARE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER REGARDING
DEFICIENCY OF COMPLAINT AND
<u>DENYING MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES</u>**

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Vaughn Lee Snider has also filed a Motion to Proceed Without Prepayment of Fees ("*In Forma Pauperis* application," Doc. 2, sealed). Based on the reasons set forth herein, the Court finds Plaintiff's *In Forma Pauperis* application to be deficient. As such, his motion is **DENIED without prejudice** to refiling. The Court also finds Plaintiff's Complaint to be deficient and encourages him to file an Amended Complaint within thirty days of receipt of this Order.

**A.  Motion to Proceed *In Forma Pauperis*.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, *etc*., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding *in forma pauperis* in a civil case 'is a

1

privilege, not a right—fundamental or otherwise.'" ***Barnett v. Nw. Sch.***, No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny *in forma pauperis* status lies within the sound discretion of the court. ***Scherer v. Kansas***, 263 F. App'x 667, 669 (10th Cir. 2008).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See* ***Kay v. Bemis***, 500 F.3d 1214, 1217–18 (10th Cir. 2007). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* ***Patillo v. North American Van Lines, Inc.***, No. 02-cv-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229-JWL, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

Plaintiff's motion does not, however, include the requisite Affidavit of Financial Status. The only information provided by Plaintiff is the statement in his motion – "because fix income retirement [sic]!" (Doc. 2, sealed.) As such, Plaintiff has provided the Court with no information regarding his current financial situation, employment history, monthly expenses, monthly income, etc. Without this information, the Court is unable to determine whether Plaintiff's access to the

Court would be significantly limited absent the ability to file this action without payment of fees and costs.

The Court thus **DENIES** Plaintiff's motion to proceed *in forma pauperis*. (Doc. 2.) This denial is **without prejudice** to refiling with the requisite Affidavit of Financial Status. The form affidavit is available at:

https://ksd.uscourts.gov/civil-forms

Plaintiff is instructed to fill out the form affidavit as completely as he is able. Plaintiff is instructed to file the requisite Affidavit of Financial Status, along with a renewed motion, **within thirty (30) days of receipt of this Order**.

**B.      Sufficiency of Complaint.**

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." ***Harris v. Campbell***, 804 F. Supp. 153, 155 (D. Kan. 1992) (discussing similar language contained in § 1915(d), prior to the 1996

3

amendment).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.  **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss.  **Kay**, 500 F.3d at 1217–18.  In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff.  See **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir. 2006).  The Court will also liberally construe the pleadings of a *pro se* plaintiff.  **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir. 1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff.  **Hall**, 935 F.2d at 1110.  See also **Garcia Dominguez v. Mahaffey**, 17 F. App'x 827, 828 (10th Cir. 2001) ("Although we construe [plaintiff's] complaint liberally because he is proceeding *pro se*, we will not act as his advocate.").  Liberally construing a *pro se* plaintiff's Complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and

sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." **Fisher v. Lynch**, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555 (2007), and **Hall**, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." **Fisher**, 531 F. Supp. 2d at 1260 (citing **Twombly**, 550 U.S. at 570). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." **Bemis**, 500 F.3d at 1218 (citing **Twombly**, 550 U.S. at 555).

While a complaint generally need not plead detailed facts, *see* Fed. R. Civ. P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. **Monroe v. Owens**, 38 F. App'x 510, 515 (10th Cir. 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is

entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a).

After reviewing Plaintiff's *pro se* Complaint (Doc. 1) and construing the allegations liberally, the Court has concerns regarding the sufficiency of the Complaint. There is a lack of factual information and little or no substance regarding the nature of Plaintiff's claims against Defendant.

The "Statement of Claim" section on page 3, which is where Plaintiff is to provide a "short and plain statement of the claim showing that [he] is entitled to relief" has been left entirely blank. (*Id*.) The form specifically instructs Plaintiff to "[s]tate what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s)." (*Id*.) No such information is included.

The only substantive information is contained in the section pertaining to punitive damages, wherein Plaintiff states that he "wrote and designed the Working Healthy Grant for $5 billion and it was given to KanCare who mismanaged it." (*Id*., at 4.) This does not sufficiently state a viable cause of action against Defendant. Simply stated, Plaintiff has failed to give Defendant sufficient notice of the claims he is asserting in order to allow Defendant to provide an appropriate answer. ***Monroe***, 38 F. App'x at 515.

6

Plaintiff is encouraged to file an Amended Complaint at the time he submits his Affidavit of Financial Status within thirty (30) days of receipt of this Order. Plaintiff is instructed to address the deficiencies addressed herein. Failure to do so will result in the Magistrate Judge entering a Report & Recommendation to the District Court, recommending dismissal of Plaintiff's Complaint for failure to state a valid cause of action against Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *In Forma Pauperis* status (Doc. 3) is **DENIED without prejudice**. Plaintiff is instructed to submit the requisite Affidavit of Financial Status **within thirty (30) days of receipt of this Order**.

**PLAINTIFF IS ALSO ENCOURAGED** to file an Amended Complaint **within thirty (30) days of receipt of this Order** or the Magistrate Judge will recommend dismissal of Plaintiff's Complaint for failure to state a valid cause of action against Defendant.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 20th day of July, 2023.

/s/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge